# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-065-RJC-DCK

| | |
|---|---|
| MELISSA DEMASTES, </br></br> Plaintiff, </br></br> v. </br></br> MIDWEST DIVERSIFIED MANAGEMENT CORP., d/b/a Carmel Maintenance, LLC, MIDWEST DIVERSIFIED MANAGEMENT CORP EMPLOYEE BENEFIT PLAN AND TRUST, WATERFORD SQUARE APARTMENTS, LLC, PIPER GLEN APARTMENTS ASSOCIATES, LLC, JAMES N. GORDON and DOES 100, </br></br> Defendants. | **STIPULATED CONSENT PROTECTIVE ORDER** |

This Stipulated Consent Protective Order ("Protective Order") is made and agreed to between the Parties, by and through their respective counsel of record, pursuant to Fed. Rule Civ. Proc. 26(e) and Local Rule 6.1(i), subject to approval and entry by this Court, to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials and information designated as Confidential or Attorneys' Eyes Only ("Protected Material"), and ensure that protection is afforded only to material and information so designated.

**THEREFORE**, it is hereby stipulated by the Parties, and approved by the Court as follows:

1. The nature of the disputes in this action are such that confidential and/or proprietary information, including but not limited to documents, electronically stored

information and other materials concerning the business or personal affairs of the Parties as well as confidential and personal information, including information related to other employees/former employees who are not parties to this action, is likely to be the subject of discovery.

2. This Protective Order shall govern the handling of all documents, data, depositions, deposition exhibits, interrogatory responses, admissions, testimony and other information produced, given, or disclosed by any party or any non-party during proceedings in the above-captioned action, and designated either "Confidential" or "Attorneys' Eyes Only" as set forth herein.

3. Protected Material disclosed or produced in this litigation in any form, whether designated as Confidential or Attorneys' Eyes Only, may only be used by the non-designating Party for purposes of this litigation, and shall not be used for any other purpose or disclosed to any other person or entity except as specifically provided herein. Specifically, any person in possession of Protected Material shall not, under any circumstances:

(a) Use any Protected Material in any other proceeding that is not directly related to this matter;

(b) Use, attempt to use or disclose any Protected Material for any business purpose in competition with or adverse to the Party to whom the information belongs;

(c) Use attempt to use or disclose any Protected Material for any purpose designed to embarrass, harass, intimidate or otherwise reflect negatively on party or non-party witness; or

(d) Use attempt to use or disclose any Protected Material for any purpose other than this action.

2

4. Except for use by counsel for the Parties hereto in the course of this litigation, no person granted access to Protected Material shall make any copies, reproductions, transcripts, transmissions or facsimiles of the same or any portion thereof. Counsel of record are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of copies of documents and/or other materials containing Protected Material. The Parties shall not duplicate any documents and/or other items containing Protected Material except working copies and copies to be filed in court under seal.

5. "Confidential" material as used herein means information which the designating party reasonably and in good faith deems to constitute trade-secrets, proprietary data, and/or commercial, financial, private, personal or personnel information which the designating party has maintained in confidence or has an obligation or duty to maintain in confidence.

6. "Attorneys' Eyes Only" material as used herein means information which the designating party reasonably and in good faith deems to constitute particularly sensitive business or financial documents, information, research, development or commercial information. It is expressly understood by the Parties that the purpose of the "Attorneys' Eyes Only" designation is to permit the Parties to prosecute or defend this action to the fullest extent possible, but also to restrict disclosure of information or material that is extremely sensitive and/or highly confidential, the disclosure of which would create a substantial risk of injury to the proprietary, business, competitive, security, and/or privacy interests of the Parties and/or nonparties, which injury could not be avoided by less restrictive means.

7. Unless otherwise ordered by the Court or permitted in writing by the designating Party, information designated "Confidential":

    (a)    shall be only be revealed to:

      i. the Parties to this Action;

      ii. Counsel for the Parties and their staff;

      iii. Any stenographer or videographer used in connection with this litigation;

      iv. the Court and Court staff; and

      v. Employees of a Party or Deponents/witnesses designated by a Party, including experts provided such person has been determined by counsel for the Party providing access to the material to be necessary to review such information for purposes of this litigation.

(b) Disclosure of material designated as Confidential shall be made to persons identified in subparagraph (a) above:

      i. only as necessary for this litigation; and

      ii. only after the person to whom disclosure is made has been informed of this Protective Order, and has agreed in writing to be bound by it, by signing the form of acknowledgment attached to this Protective Order as "Exhibit A – Acknowledgment of Receipt of Stipulated Consent Protective Order."

Provided however that an executed Acknowledgment will not be specifically required for those persons designated in Paragraph 7. (a) ii - iv above, but nothing herein prevents the producing party from seeking additional or heightened protection for specified documents or material, by expressly requesting that such persons comply with the foregoing requirements of this subparagraph, including execution of Exhibit A, prior to disclosure of such specified documents to such persons.

4

Case 3:19-cv-00065-RJC-DCK   Document 61   Filed 11/17/20   Page 4 of 18

(c) Counsel for the Party disclosing information designated Confidential shall provide a copy of this Protective Order to such persons to whom Confidential information is disclosed and shall retain the executed Acknowledgment for each person to whom Confidential information is disclosed.

(d) Information designated Confidential shall not be disclosed to any person in any manner not specified in this Protective Order. In the event such person refuses to sign an agreement in the form of the attached Exhibit A, the party desiring to disclose the Confidential information may seek appropriate relief from this Court.

8. Unless otherwise ordered by the Court or permitted in writing by the designating Party, material designated "Attorneys' Eyes Only" may only be viewed and inspected by:

(a) counsel of record and their staff;

(b) in house counsel for the corporate Parties;

(c) any stenographer or videographer used in connection with this litigation; and

(d) the Court and its staff.

Provided however that in the event that counsel reasonably determines Attorneys' Eyes Only designated materials to be necessary for review by a person not specified above (such as review by technical experts whether internal or external), counsel shall disclose the person to whom such information is being made available to counsel for the producing Party, along with the purpose of such review (unless the deadline for expert disclosures has not then passed, in which case only a general statement of the purpose need be disclosed) and shall require such person to sign a Non-Disclosure Agreement in the form attached hereto, stating that they have read this Protective Order and agree to be bound by its terms. An executed Non-Disclosure Agreement

will not be specifically required for those persons designated in Paragraph 8. (a) – (d) above, but nothing herein prevents the producing party from seeking additional or heightened protection for specified documents or material, by requesting that such persons comply with the foregoing requirements of this subparagraph, including execution of Exhibit B, prior to disclosure of such specified documents to such persons.

9. Any person receiving Protected Material, whether designated as Confidential or Attorneys' Eyes Only, shall not disclose such information to any person who is not entitled to receive such information under this Protective Order. If Protected Material is disclosed to any person not entitled to receive such information under this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the producing party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure of it.

10. Protected Material shall be designated as follows:

(a) In the case of documents, the "Confidential or "Attorneys' Eyes Only" designation shall be made by stamping or writing the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page of any such document. In the case of electronic media, writing the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each disc or other form of electronic media shall be sufficient to designate all data or electronic documents affixed to the media "Confidential" or "Attorneys' Eyes Only" within the terms of this Protective Order. Documents may be produced for inspection prior to their designation as "Confidential" or "Attorneys' Eyes Only," but may then be designated as "Confidential" or "Attorneys' Eyes Only" by the producing party by marking the documents as "Confidential" or "Attorneys' Eyes

Only" prior to the transmission of a physical copy of the documents to the party requesting the document.

        (b)    In the case of Protected Material produced or provided by non-parties, whether pursuant to subpoena, voluntarily or otherwise, any designation of material that either Party contends contains Confidential Material or Attorneys' Eyes Only Material may be done within thirty (30) days of receipt of the information by counsel for the Party claiming confidentiality. No dissemination of the Protected Material to persons not bound by the provisions of this agreement shall be made before this thirty (30) days expires. Counsel for the parties may modify this procedure through agreement in writing without further court order.

        (c)    In the case of depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material or Attorneys' Eyes Only Material shall be made by a statement to such effect on the record during the course of the deposition or may be done within thirty (30) days of receipt of the transcript of the deposition by counsel for the party or non-party claiming confidentiality. No dissemination of the transcript to persons not bound by the provisions of this agreement shall be made before thirty (30) days after the party that produced the material disclosed during the deposition receives the transcript from the court reporter or counsel for any party. If the Confidential Material or Attorneys' Eyes Only Material designation is made during the course of a deposition, the reporter shall write or stamp the word "Confidential" or "Attorneys' Eyes Only" on the cover and each page of the relevant portions of the transcript. If the designation is made following review of the transcript, the party so designating shall write or stamp the word "Confidential" or "Attorneys' Eyes Only" on each page the party wishes to so designate. Counsel for the parties may modify this procedure for any

7

particular deposition through agreement in writing or by statement on the record in a deposition prior to or at such deposition, without further court order.

(d) Documents and other material that are not identified as "Confidential" or "Attorneys' Eyes Only" by a Party at the time of production or within the applicable time frames specified in Paragraph 10. (b) or (c) herein, may thereafter be identified as such by any Party by written notice served on each Party. In this event, each Party who receives such written notice shall endeavor to retrieve any Confidential or Attorneys' Eyes Only material that may have been disseminated, shall affix the appropriate designation to it, shall notify all persons to whom such Protected Material was disseminated of the restrictions on the use and dissemination of such information, and shall thereafter distribute it only as allowed by this Protective Order; however no distribution prior to the receipt of such written notice which would have otherwise been allowed under this Protective Order prior to receipt of such written notice shall be deemed a violation of this Protective Order.

11. If any party objects to the designation of any information as "Confidential" or "Attorneys' Eyes Only" ("Challenged Material") the party shall provide notice ("Notice") either in writing which should be served by e-mail and mail, or by statement on the record in deposition as applicable. Any such Notice shall specifically identify the Challenged Material to which the objection is directed and shall specify in reasonable detail the reason or reasons for the objection to the "Confidential" or "Attorneys Eyes Only" designation. Counsel shall confer in good faith in an attempt to resolve any disputes concerning such designation. If the status of the Challenged Material cannot be resolved, either Party may apply to the Court for a ruling. The Challenged Material will be treated as it is designated, Confidential or Attorneys' Eyes Only, pending the Court's ruling on such motion.

12. As the Parties agreed in the Certification and Report of F.R.C.P 26(f) Conference and Discovery Plan for Plaintiff's Individuals Claims Section 5(g) [DE # 52], an inadvertent disclosure of Protected Material, privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection), including but not limited to metadata and other such information, shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents and/or metadata mistakenly produced after discovery of the inadvertent production. The Parties further agree that, upon request, any such mistakenly produced documents/metadata shall be returned. In the event of a dispute over use of any privileged materials, the receiving Party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court. The moving party shall not disclose inadvertently disclosed information in its motion and also shall not assert waiver as a ground for entering such an Order. Nothing in this Protective Order shall limit the right of any party to request an in-camera review of the inadvertently disclosed information.

13. No provision of this Protective Order shall be construed as a stipulation or order that any hearing or trial held in connection with this litigation is closed to the public. All court proceedings held in connection with this litigation otherwise open to the public shall remain open to the public.

14. A designation of Confidential or Attorneys' Eyes Only shall not preclude the use of Protected Material in any hearing or Court proceeding, provided such documents are filed under seal in accordance with the Rules of this Court. Each party agrees that absent written permission from the other party, they will not file with the Court any document or other

9

information (or part thereof) that comprises, is derived from, or incorporates any Protected Material without first submitting to the Court a request for confidential treatment/sealing of such documents. Any Party seeking to file documents or information under seal shall comply with those requirements set forth by the Fourth Circuit Court of Appeals, see, e.g., Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000), and LCvR 6.1.

15. In the event that Protected Material may be used or disclosed at any trial or hearing, any party to this Protective Order may request that the portion of any such proceeding where said use is made shall be *in camera*, or with access limited only to certain persons described in Paragraphs 7 and 8 as applicable, subject to the provisions of applicable rules and any orders of the Court. The Parties further reserve the right to seek guidance from the Court regarding the specification of appropriate safeguards concerning such evidence at trial or may do so by later agreement at or before trial.

16. The terms of this Protective Order, as to the documents or other Confidential Material and Attorneys' Eyes Only Material disclosed by the parties in accordance herewith, shall survive any settlement, discontinuance, dismissal, judgment, award, or other disposition of this action, subject to a final order of the Court on the completion of litigation as required by the Pretrial Order and Case Management Plan entered on August 6, 2020 [DE # 57] and subject to the Court's determination as to the ultimate disposition of Protected Material.

17. If a party in possession of Protected Material receives a subpoena or other compulsory process from a non-party to this Protective Order seeking production or other disclosure of any Protected Material, the party shall promptly give notice, and provide a copy of the subpoena or other compulsory process, to the party that produced the Protected Material

indicating the Protected Material sought so as to afford that party a reasonable opportunity to seek a protective order or other means to limit the disclosure of the Protected Material.

18.     Within sixty (60) days after the final adjudication or settlement of all claims in this case, including appeals, counsel for the parties shall either return all Protected Material to the party that produced them or shall destroy all such Protected Material upon prior notice to the producing party.  All copies of such Protected Material shall also be destroyed, except that counsel of record may retain for their files copies of their own work product, correspondence, pleadings, briefs and exhibits, and any other filings, deposition transcripts and exhibits, or hearing or other official transcripts and exhibits that contain Protected Material.  Counsel and the parties shall continue to be subject to the terms of the Protective Order with regard to any such retained Protected Material.  This paragraph is subject to a final order of the Court on the completion of litigation as required by the Pretrial Order and Case Management Plan entered on August 6, 2020 [DE # 57].

19.     Nothing in this Protective Order shall prevent any party from disclosing its own information which it has designated "Confidential" or "Attorneys' Eyes Only" and any such disclosure shall not be deemed a waiver of any other parties' obligations under this Protective Order, except as provided by law.

20.     Nothing herein shall be deemed to restrict the right of any party to seek other or further protection against the disclosure of any Protected Material.

21.     The entry of this Protective Order does not waive any rights the parties may have to object on any grounds to the use of any Protected Material as evidence at any trial or hearing in this litigation.

22. The restrictions and obligations set forth in this Protective Order relating to Protected Material shall not apply to any information that: (a) is of public record and subject to disclosure upon request, or that the parties agree, or the Court rules, is otherwise public knowledge; (b) the parties agree, or the Court rules, has become public knowledge other than by a disclosure by a receiving party; or (c) the parties agree, or the Court rules, has come or hereafter comes into the receiving party's legitimate possession without any confidentiality restrictions and independently of the producing party. The restrictions and obligations set forth in this Protective Order shall not prohibit discussions with any person or entity regarding any Protected Material if said person or entity already has legitimate possession thereof.

23. No party concedes that any information designated Confidential or Attorneys' Eyes Only by any other person does in fact contain or reflect confidential, sensitive, or proprietary business, or personal information, or has been properly designated Confidential or Attorneys' Eyes Only.

24. Counsel for any party is not obligated to challenge the propriety of any Confidential or Attorneys' Eyes Only designation at the time of initial production or designation, as the case may be. Failure to do so shall not preclude a subsequent challenge to the propriety of such designation. Disclosure of any Confidential Material or Attorneys' Eyes Only Material by any person or in any manner not permitted by this Protective Order will not result in a waiver of or otherwise limit the right of the parties to enforce its provisions.

25. This Protective Order shall not be amended, modified, or revised except by written stipulation or agreement of the parties or order of the Court.

**SO ORDERED**.

David C. Keesler
United States Magistrate Judge

Stipulated to by the parties by and through their undersigned counsel of record.

| | |
|---|---|
| **PLAINTIFF**, | **DEFENDANTS**, |
| By her attorney, | By their attorneys, |
| GESSNER LAW, PLLC | JACKSON LEWIS P.C. |

| | |
|---|---|
| */s/ L. Michelle Gessner* | */s/ M. Robin Davis* |
| L. MICHELLE GESSNER | M. ROBIN DAVIS |
| N.C. State Bar No. 26590 | CAITLIN M. GOFORTH |
| Post Office Box 78161 | N.C. State Bar No. 49227 |
| Charlotte, North Carolina 28271 | 3737 Glenwood Avenue, Suite 450 |
| Tel: (844) 437-7637; Fax: (980) 206-0286 | Raleigh, North Carolina 27612 |
| Email: michelle@mgessnerlaw.com | Tel: (919) 760-6460; Fax: (919) 760-6461 |
| | Email: Robin.Davis@jacksonlewis.com |
| | Email: Caitlin.Goforth@jacksonlewis.com |
| DATED: November 17, 2020 | JUSTIN R. BARNES* |
| | Georgia State Bar No. 105220 |
| | 171 17th Street, NW |
| | Atlanta, GA 30363 |
| | Telephone: (404) 525-8200 |
| | Facsimile: (404) 525-1173 |
| | Email: Justin.Barnes@jacksonlewis.com |
| | |
| | ASHLEY B. ABEL* |
| | South Carolina State Bar No. 10097 |
| | 15 South Main Street, Suite 700 |
| | Greensville, SC 29601 |
| | Telephone: (864) 232-7000 |
| | Facsimile: (864) 235-1381 |
| | Email: AbelA@jacksonlewis.com |
| | *Admitted Pro Hac Vice* |
| | |
| | DATED: November 17, 2020 |

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:19-CV-065-RJC-DCK

| | |
|---|---|
| MELISSA DEMASTES, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MIDWEST DIVERSIFIED )<br>MANAGEMENT CORP. dba CARMEL )<br>MAINTENANCE, LLC, WATERFORD )<br>SQUARE APARTMENTS, LLC and PIPER )<br>GLEN APARTMENTS ASSOCIATES, )<br>LLC; MIDWEST DIVERSIFIED )<br>MANAGEMENT CORP EMPLOYEE )<br>BENEFIT PLAN AND TRUST; and DOES )<br>100, )<br>)<br>Defendants. )<br>) | **ACKNOWLEDGMENT OF RECEIPT OF STIPULATED CONSENT PROTECTIVE ORDER** |

I acknowledge receipt of a copy of the Stipulated Consent Protective Order dated _____, 202_, in <u>Melissa Demastes v. Midwest Diversified Management Corp. et al</u>, Case No. 3:19-CV-065-RJC-DCK which is pending in the United States District Court for the Western District of North Carolina and agree that I:

(1) understand the terms thereof, and agree to comply with and be bound by its provisions with respect to any information provided to me under the terms of this Stipulated Consent Protective Order;

(2) will not reveal any Protected Information provided to me under the terms of this Stipulated Consent Protective Order to anyone other than such persons designated in this Stipulated Consent Protective Order; and

(3) will utilize such Protected Information solely for the purposes of this litigation.

I further understand that if I fail to comply with the terms of the Stipulated Consent Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

15

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I will comply in all respects with the Stipulated Consent Protective Order.

DATED: _____, 202_.  SIGNATURE  _____

PRINTED NAME  _____

_____    _____
Residential Address      Business Address

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:19-CV-065-RJC-DCK

| | |
|---|---|
| MELISSA DEMASTES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MIDWEST DIVERSIFIED MANAGEMENT CORP. dba CARMEL MAINTENANCE, LLC, WATERFORD SQUARE APARTMENTS, LLC and PIPER GLEN APARTMENTS ASSOCIATES, LLC; MIDWEST DIVERSIFIED MANAGEMENT CORP EMPLOYEE BENEFIT PLAN AND TRUST; and DOES 100,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **NON-DISCLOSURE AGREEMENT**<br>)  **AND AGREEMENT TO ABIDE BY**<br>)  **CONSENT PROTECTIVE ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I acknowledge receipt of a copy of the Stipulated Consent Protective Order dated _____, 202_, in in <u>Melissa Demastes v. Midwest Diversified Management Corp. et al</u>, Case No. 3:19-CV-065-RJC-DCK which is pending in the United States District Court for the Western District of North Carolina and agree that I:

(1) understand the terms thereof, and agree to comply with and be bound by its provisions with respect to any information provided to me under the terms of this Stipulated Consent Protective Order;

(2) will not reveal any Protected Information provided to me under the terms of this Stipulated Consent Protective Order to anyone other than such persons designated in this Stipulated Consent Protective Order; and

(3) will utilize such Protected Information solely for the purposes of this litigation.

I understand and agree that I have been provided with Protected Information which has been designated as Attorneys' Eyes Only. I understand that this information or material is extremely sensitive and/or highly confidential, the disclosure of which would create a substantial risk of injury to the proprietary, business, competitive, security, and/or privacy interests of the Parties and/or nonparties.

In the event that I utilize or disclose Attorneys' Eyes Only information for any purpose other than expressly authorized herein, in connection with this litigation, I may be subject to civil liability for any monetary damages associated with such use or disclosure. I further understand that if I fail to comply with the terms of the Stipulated Consent Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I will comply in all respects with the Stipulated Consent Protective Order.

DATED: _____, 202\_\_.    SIGNATURE    _____

PRINTED NAME    _____

_____    _____
Residential Address    Business Address