# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Civil No. Civil No. 3:19-cv-00065

MELISSA DEMASTES, individually and on behalf of all others similarly situated,

       Plaintiff,

       v.

MIDWEST DIVERSIFIED MANAGEMENT CORP., dba CARMEL MAINTENANCE, LLC, WATERFORD SQUARE APARTMENTS, LLC, and PIPER GLEN APARTMENTS ASSOCIATES, LLC; MIDWEST DIVERSIFIED MANAGEMENT CORP EMPLOYEE BENEFIT PLAN AND TRUST; JAMES N. GORDON, an individual; and DOES 100,

       Defendants.

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

By and through undersigned counsel, Plaintiff, MELISSA DEMASTES ("DeMastes" or "Named Plaintiff"), individually and on behalf of all other Opt-In Plaintiffs who have joined this matter (collectively referred to as "Plaintiffs"), and Defendants, MIDWEST DIVERSIFIED MANAGEMENT CORP., dba CARMEL MAINTENANCE, LLC, WATERFORD SQUARE APARTMENTS, LLC, and PIPER GLEN APARTMENTS ASSOCIATES, LLC; MIDWEST DIVERSIFIED MANAGEMENT CORP EMPLOYEE BENEFIT PLAN AND TRUST; JAMES N. GORDON, an individual; and DOES 100, (collectively referred to as "Defendants"), hereby move this Court for approval of the settlement that they have reached in this case and in support thereof state as follows:

1. On or about February 8, 2019, Plaintiff DeMastes filed a Complaint alleging on

behalf of herself, and all others similarly situated pursuant to the collective action provision of 29 U.S.C. § 216(b) that Plaintiffs are entitled to recover (i) unpaid overtime wages for all hours worked exceeding forty (40) in a workweek, and (ii) statutory penalties, including liquidated damages, pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically 29 U.S.C. §§ 207, 216(b). Plaintiffs further alleged, pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves, individually, and all similarly situated employees of Defendants, who work or worked in the state of North Carolina that they are entitled to all unpaid wages, plus interest, liquidated damages, costs and fees and penalties as allowed for Defendants' violations of the NCWHA, N.C. Gen. Stat. §§ 95-25.1 *et seq.* Additionally, Plaintiff alleges that Midwest Diversified Management Corp Employee Benefit Plan and Trust violated ERISA 29 USC §1132(a)(1)(B) based on a wrongful denial of benefits, violated ERISA 29 USC §1132(a)(2) and 1109 based on a purported breach of fiduciary duty and sought equitable relief under ERISA 29 USC §1132(a)(3). [ECF No. 1]

Defendants maintain that Plaintiffs failed to name the proper entities who were the employers of Plaintiffs in this Action. Plaintiffs disagree with Defendants' position and assert that all Defendants are joint employers of Plaintiffs and alter egos of each other.

2. On May 8, 2020, Plaintiffs filed a Motion for Conditional Certification of a Collective Action [ECF No. 38] to which Defendants opposed [ECF No. 44]. This Court has not yet ruled upon Plaintiffs' Motion. As such, given that a collective nor class action has been certified in this matter, the settlement only involves Named Plaintiff DeMastes and the individuals who each have filed Consents to become a Party Plaintiff: Alyson Royle, Jacob Pressley, Larry Miller, Termale Johnson, Zipporah McKinnis, Jenny Bair, Joseph Campo and Merissa Bernardic (collectively "Opt-In Plaintiffs"). [ECF Nos. 42, 43, 45, 47, 48, 49, 53 and 56].

3. Defendants deny the allegations in the Complaint and deny that they owe

anything further to their employees or former employees to address the allegations in the Complaint and further contend that any failure to properly calculate and pay minimum wages or overtime pay was a good-faith error on the part of the Defendants, which were acting with objective and subjective good faith that they were paying correct wages.  Defendants also maintain that Plaintiffs failed to name the proper entities who were the employers of Plaintiffs in this Action. Such contentions are disputed by Plaintiffs including, expressly, that all Defendants are joint employers of Plaintiffs and alter egos of each other.

      4.   A *bona fide* dispute exists regarding Plaintiffs' claims for wages owed by Defendants.

      5.   However, in an effort to avoid the additional costs and uncertainty of litigation, the Parties have agreed to resolve the disputed factual and legal issues on the terms set forth in the proposed confidential settlement agreement ("Settlement Agreement").  A copy of the Settlement Agreement has been separately submitted to the Court's chambers for purposes of *in camera* review.[1]

      6.   While there is a general right to inspect judicial records and documents, *Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc.*, No. 1:05-CV-955, 2011 U.S. Dist. LEXIS 149809, *20 (M.D.N.C. Dec. 30, 2011), "the right of access . . . is not absolute. The common law right of access must yield to the supervisory power of the court to control its own records when the public's right of access is outweighed by competing interests." *United States v. Moussaoui*, 65 F. App'x 881, 886 (4th Cir. 2003) (internal quotation omitted). "This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access," and "[t]he party seeking to overcome the presumption bears the burden of showing

---

[1] Because the Settlement Agreement is confidential, the actual amounts to be paid Plaintiffs, as well as Plaintiffs' attorneys' fees and costs, are only set forth in the Settlement Agreement.

some significant interest that outweighs the presumption." *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). District courts within this Circuit have held that restricting public access to confidential business information is appropriate. *See Bayer Cropscience Inc. v. Syngenta Crop Protection, LLC*, No. 1:13-CV-316, 979 F.Supp.2d 653, 657 (M.D.N.C. 2013); *Harrell v. Duke Univ. Health Sys., Inc.*, No. 7:07-813-HMH, 2007 U.S. Dist. LEXIS 92931, at *2 (D.S.C. Dec. 18, 2007).  Ultimately, the decision whether to grant or restrict access to judicial records is a matter of a district court's "supervisory power," and it is one "best left to the sound discretion of the [district] court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-99 (1978).

7.   Here, the interest in protecting the confidential business information contained in the Settlement Agreement outweighs the public's interest in accessing these documents. Further, submission of the Settlement Agreement for *in camera* review is consistent with

courts in this district's approach in prior FLSA actions.  *See, e.g., In re Family Dollar FLSA Litig.*, 2012 U.S. Dist. LEXIS 35303 (W.D.N.C. Mar. 14, 2012) (court conducted an *in camera* review of the Parties' confidential Settlement Agreement and Releases.  The Court approved the Settlement Agreement and Releases after finding 1) the contested case was fair, reasonable, and in the best interest of the settling plaintiffs; 2) the settlement agreement and releases reflected a reasonable compromise of disputed issues; and 3) the parties were adequately represented by counsel who had protected their respective rights.). *See also, Keever et al. v. Prospect Mortgage, LLC*, No. 3:13-CV-00241-RJC (Dec. 31, 2014) [DE # 29].

8.   The Settlement Agreement resolves all claims asserted, and all claims (known or

unknown) that could have been asserted, in this action by the Named Plaintiff and Opt-In Plaintiffs against Defendants and was crafted at arm's length by experienced counsel on both sides following aggressively contested litigation.[2]

9.   In total, and without admitting any liability, the Parties have agreed that Plaintiffs will be paid for their alleged compensation claims, as reflected in Exhibit A of the Settlement Agreement, together with reasonable attorneys' fees and costs, as the FLSA is a fee-shifting statute. Additionally, Defendants, desiring a general release from all Plaintiffs, the Parties have also agreed that Plaintiffs will be paid separate consideration to secure a general release, including and expressly from DeMastes for her individual ERISA claims as well as anticipated claims of constructive discharge and retaliation.  While Court approval is not required for the individual claims, the parties have included the executed individual agreements at Exhibit B of the Settlement Agreement.

10. The Parties have agreed that Plaintiff DeMastes is also entitled to a proposed enhancement award for her time and effort in pursuing this litigation and serving as Named Plaintiff.  Throughout the case, Plaintiff DeMastes participated in extensive discovery, provided declarations for conditional certification, attended an over eighteen (18) hour mediation conducted in this action and has participated extensively in this litigation on behalf of herself and others.

11. During more than two years of litigation, the Parties have conducted a thorough investigation; propounded multiple sets of discovery; conducted a lengthy mediation, and prepared numerous motions. Hundreds of pages of documents and data have been exchanged, including Plaintiffs' time records, payroll records, documents related to their job duties and responsibilities, and Defendants' policy and procedure manuals.

---

[2] Neither a 216(b) collective nor Rule 23 class has been certified in this matter. Thus, the claims of any putative members who have not joined this action as an Opt-In would be dismissed *without prejudice*.

12. Following a more than eighteen (18) hour mediation with mediator Steve Dunn, and a series of good faith discussions thereafter between the Parties, the Parties concluded that continued litigation, including trial, with respect to Plaintiffs' claims would be protracted, expensive, long, contrary to their best interests, and disproportionate to any possible additional recovery for any potential plaintiff.

13. Although neither Plaintiffs nor Defendants abandon any position taken in this action, the Parties desire to amicably resolve this matter.

14. Counsel for Plaintiff and Opt-In Plaintiffs advised counsel's clients regarding the Settlement Agreement and recommended judicial approval thereof. Plaintiff and Opt-In Plaintiffs had sufficient time to review the Settlement Agreement and consult with an attorney before they executed the Settlement Agreement. Each Plaintiff/Opt-In Plaintiff and Defendant has signed the Settlement Agreement, as such, there are no objections to the Agreement.

15. Additionally, prevailing plaintiffs are entitled to reasonable attorneys' fees and costs to be paid by the Defendants under the FLSA. 29 U.S.C. § 216(b). Therefore, the Parties negotiated reasonable attorney's fees and costs to be paid by Defendants, separate and apart from, and outside of, Plaintiffs' recovery. Parties to an FLSA settlement generally reach an agreement on the amount of attorneys' fees to be paid. Such an arrangement poses no particular problem for court approval. In fact, federal courts at all levels encourage litigants to resolve fee issues by agreement whenever possible. As the United States Supreme Court explained, "[a] request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

16. In *Hensley*, and as the docket reflects, counsel for Plaintiffs diligently performed extensive legal work including attempting to secure conditional certification, responding to questions and inquiries regarding participation, filing opt-in consents, conducting extensive

discovery, preparing and responding to numerous motions; participating in a lengthy mediation, incurring extensive fees and advanced costs in the prosecution of Plaintiffs' claims for more than two (2) years.

17. Moreover, this is not a common-fund settlement where defendants typically have little interest in how much of the settlement consideration is allocated to attorneys' fees. Rather, here, in arm's-length negotiations, Defendants, sophisticated business people who were aided by experienced and competent counsel with specific experience litigating FLSA cases, sought to minimize fees in addition to damages to Plaintiffs, and therefore defense counsel had a keen interest in negotiating the smallest settlement possible on behalf of their clients.

18. Most courts have held that employees cannot waive claims for unpaid wages under the FLSA without court approval. As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), in the "context of suits brought directly against their employer under Section 216(b) to recover back wages for FLSA violations," the parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." The policy of encouraging settlement of litigation applies in the context of FLSA litigation where there are *bona fide* issues in dispute and employees are represented by "an attorney who can protect their rights under the statute." *Lynn's Food Stores*, 679 F.2d at 1354.

19. The Parties believe that, given the totality of the circumstances, the Settlement Agreement's terms constitute a fair, reasonable and appropriate resolution of their *bona fide* dispute, and that the Parties have been competently represented by experienced counsel from the outset of the case, through which the Parties vigorously prosecuted and defended the merits of the claims. The proposed Settlement includes payments to Plaintiffs to resolve this litigation. Defendants also agree that Plaintiffs' attorneys' fees and costs in bringing this action and the

proposed enhancement award to Plaintiff DeMastes are fair and reasonable. Other indicia of fairness are also present including the settlement will conserve substantial time and expense by eliminating the need for a potential trial, the parties have mitigated the risk and costs on both sides that proceeding further presents, and, by settling, Plaintiffs have avoided a further delay in receiving any possible recovery.

20. As presented herein, the Parties respectfully request that this Court grant the Parties' Motion for Approval of Settlement Agreement as a fair, reasonable and adequate resolution of the case following this Court's *in camera* review.

Respectfully submitted this 25th day of June 2021.

| | |
|---|---|
| GESSNERLAW, PLLC<br>602 East Morehead Street<br>G.G. Galloway House<br>Charlotte, North Carolina 28202<br>Telephone: (704) 234-7442<br>Facsimile: (980) 206-0286<br><br>By: */s/ L. Michelle Gessner*<br>L. Michelle Gessner<br>N.C. State Bar No. 26590<br>michelle@mgessnerlaw.com<br><br>*Attorney for Plaintiffs and Putative Class Members* | JACKSON LEWIS P.C.<br>3737 Glenwood Avenue, Suite 450<br>Raleigh, NC 27612<br>Telephone: (919) 760-6460<br>Facsimile: (919) 760-6461<br><br>By: */s/ Caitlin M. Goforth*<br>M. Robin Davis<br>N.C. State Bar No. 21655<br>Robin.Davis@jacksonlewis.com<br><br>Caitlin M. Goforth<br>N.C. State Bar No. 49227<br>Caitlin.Goforth@jacksonlewis.com<br><br>*Attorneys for Defendants* |

4819-5576-7280, v. 1

8

Case 3:19-cv-00065-RJC-DCK    Document 67    Filed 06/25/21    Page 8 of 8