IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO.: 3:19-cv-00065-RJC-DCK

| | |
|---|---|
| MELISSA DEMASTES, individually and on behalf of other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MIDWEST DIVERSIFIED MANAGEMENT CORP., d/b/a CARMEL MAINTENANCE, LLC, WATERFORD SQUARE APARTMENTS, LLC and PIPER GLEN APARTMENTS ASSOCIATES, LLC; MIDWEST DIVERSIFIED MANAGEMENT CORP EMPLOYEE BENEFIT PLAN AND TRUST; JAMES N. GORDON, an individual; and DOES 100,<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO FILE UNDER SEAL AND REVIEW IN CAMERA THE PARTIES' CONFIDENTIAL SETTLEMENT AND GENERAL RELEASE AGREEMENT** |

Defendants, by and through undersigned counsel, pursuant to Local Rule 6.1, hereby submit this *Memorandum in Support of Defendants' Unopposed Motion to File Under Seal and Review in Camera the Parties' Confidential Settlement and General Release Agreement* ("Motion").

**FACTUAL AND PROCEDURAL HISTORY**

Defendants and Plaintiff Melissa DeMastes ("Named Plaintiff"), individually and on behalf of all other Opt-In Plaintiffs who have joined this matter (collectively referred to as "Plaintiffs") successfully mediated this case on May 27, 2021 and now seek approval of their confidential settlement.

On or about February 8, 2019, Named Plaintiff filed a Complaint in the United States District Court for the Western District of North Carolina on behalf of herself and all others

similarly situated alleging claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et seq.* (the "NCWHA"). Additionally, Named Plaintiff alleged claims of wrongful denial of benefits and breach of fiduciary duty under the Employee Retirement Income Security Act, 29 U.S.C. § 1101 *et seq.* ("ERISA").

Throughout the duration of this matter, Defendants have maintained that Plaintiffs failed to name the proper entities who were the employers of Plaintiffs in this Action. Plaintiffs dispute this position and maintain that all Defendants were joint employers of Plaintiffs and alter egos of each other.

On May 8, 2020, Plaintiffs filed a Motion for Conditional Certification of a Collective Action [DE #38] which Defendants opposed. [DE #44]. This Motion has never been ruled upon. As such, because neither a collective nor class action has been certified in this matter, the confidential settlement, which is subject to Court approval, only involves Named Plaintiff DeMastes and the individuals who have each filed consents to become a Party Plaintiff: Alyson Royle, Jacob Pressley, Larry Miller, Termale Johnson, Zipporah McKinnis, Jenny Blair, Joseph Campo, and Merissa Bernardic (collectively "Opt-In Plaintiffs"). [DE # 42-43, 45, 47-49, 53, 56].

The Parties have engaged in substantial discovery throughout the nearly two years of litigation. The Parties have served and responded to multiple sets of written discovery requests, resulting in the production of hundreds of pages of documents relevant to the issues raised by the pleadings, including Plaintiffs' time records, pay roll records, documents related to Plaintiffs' job duties and responsibilities, and Defendants' policy and procedure manuals.

The Parties, through their counsel, are familiar with the facts of the case and the legal issues raised by the pleadings. On May 27, 2021, the Parties participated in approximately eighteen

2

(18) hour mediation. A certified mediator, highly experienced in FLSA litigation, facilitated the mediation and the Parties settled the claims in this litigation. The negotiations were conducted at arms-length and the terms and conditions of the settlement reflected in the Parties' Settlement Agreement are a product of these negotiations.

Defendants deny any liability or wrongdoing of any kind associated with the claims in the Complaint and further contend that any failure to properly calculate and pay minimum wages or overtime pay was a good-faith error on the part of the Defendants, which were acting with objective and subjective good faith that they were paying the correct wages. Defendants also maintain that Plaintiffs failed to name the proper entities who were the employers of Plaintiffs in this Action. Nevertheless, Defendants have entered into a settlement with Plaintiffs to avoid the cost and inconvenience of further litigation. Accordingly, the Parties are now fully prepared to seek Court approval of their settlement and the entry of a dismissal with prejudice.

On June 25, 2021, the Parties filed a *Joint Motion for Approval of Settlement Agreement* ("Joint Motion"). [DE #67]. The Parties' Confidential Settlement and General Release Agreement ("Settlement Agreement") sets forth how the Named Plaintiff and Opt-In Plaintiffs will be paid for their alleged wage claims and includes information regarding Defendants' confidential business practices and the confidential terms of individually executed general release agreements regarding non-wage claims for each of the Plaintiffs. In accordance with this Court's directive, Defendants submit this unopposed Motion requesting that the Court seal the Parties' Confidential Settlement Agreement and undergo an *in camera* review and approve the settlement.

## ARGUMENT

This Court has wide discretion to allow the Parties to file their settlement documents under seal and conduct an *in camera* review of the Settlement Agreement and accompanying documents

3

prior to settlement approval.  The Parties have expressly agreed to confidentiality as to the terms of the Settlement Agreement.  While there is a general right to inspect judicial records and documents, Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc., No. 1:05-CV-955, 2011 U.S. Dist. LEXIS 149809, *20 (M.D.N.C. Dec. 30, 2011), "the right of access . . . is not absolute.  The common law right of access must yield to the supervisory power of the court to control its own records when the public's right of access is outweighed by competing interests." United States v. Moussaoui, 65 F. App'x 881, 886 (4th Cir. 2003) (internal quotation omitted).  "This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access," and "[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988).  District courts within this Circuit have held that restricting public access to confidential business information is appropriate. See Bayer Cropscience Inc. v. Syngenta Crop Protection, LLC, No. 1:13-CV-316, 979 F.Supp.2d 653, 657 (M.D.N.C. 2013); Harrell v. Duke Univ. Health Sys., Inc., No. 7:07-813-HMH, 2007 U.S. Dist. LEXIS 92931, at *2 (D.S.C. Dec. 18, 2007).  Ultimately, the decision whether to grant or restrict access to judicial records is a matter of a district court's "supervisory power," and it is one "best left to the sound discretion of the [district] court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." Nixon v. Warner Communications, Inc., 435 U.S. 589, 598-99 (1978).

District courts within this circuit, and this Court in particular, have allowed parties to file their confidential settlement documents under seal for *in camera* review, restricting public access to confidential business information. See, e.g., Fisher, et al. v. Patterson, et al., No. 3:19-cv-533-RJC-DCK (W.D.N.C. Mar. 12, 2021) [DE 31] (granting the parties' joint motion to file settlement agreements under seal); Long v. CPI Security Sys., Inc., No. 3:12-CV-00396-RJC-DCK (W.D.N.C. Nov. 26, 2013) [DE #108] (granting the defendant's unopposed motion for *in camera* review so as to

4

avoid protracted litigation); In re Family Dollar FLSA Litig., No. 3:08-MD-1932, 2012 U.S. Dist. LEXIS 35303 (W.D.N.C. Mar. 14, 2012) (granting the parties' joint motion for *in camera* review of and approval of FLSA settlement); Gilmore v. Nationwide Ins. Co. of Am., No. 2:06-CV-183-WKW, 2006 U.S. Dist. LEXIS 88919 (M.D. Ala. Dec. 8, 2006) (granting the parties' joint motion for *in camera* inspection and sealing of FLSA settlement); Peterson v. Meritage Homes of Fla., Inc., No. 2:08-cv-72-FtM-29SPC, 2008 U.S. Dist. LEXIS 115496 (M.D. Fla. Nov. 17, 2008) (recommending approval of sealed settlement agreement and dismissal with prejudice); Campbell v. Ethex Corp., 464 F.Supp.2d 559 (W.D. Va. 2006) (granting leave to file settlement documents under seal where the settlement documents "contain[ed] little information that would be of benefit to the public generally.").

Here, Defendants request that the Settlement Agreement be sealed to preserve the confidentiality of the terms of the Parties' agreement and the individually executed general release agreements pertaining to non-wage claims, and to protect Defendants' confidential business practices as well as to effectuate the agreement of the Parties to maintain confidentiality with regard to the Settlement Agreement. The sealing of the Settlement Agreement is justified when balancing the competing interest in access. Granting Defendants' unopposed Motion to file the Parties' settlement documents under seal will help avoid protracted litigation and minimize the risk of duplicative lawsuits which may circumvent the settlement process. Specifically, only eight (8) Opt-In Plaintiffs have joined this suit since the Complaint was filed over two years ago. The agreed-upon settlement amounts attributable to each Opt-In Plaintiff are individually based upon their respective allegations of allegedly unpaid wages.

As such, the agreed-upon settlement has little impact on the public at-large, nor do the terms of the settlement have any substantial benefit to the public given the small number of individuals who joined this suit—factors often relied upon by courts in determining whether to allow parties to file FLSA settlement agreements under seal. See, e.g., Campbell, 464 F.Supp.2d at 561. Accordingly,

5

public disclosure of the Parties' settlement terms will provide no benefits to the public or the individual Plaintiffs. Further, confidentiality is a significant component of the public policy encouraging litigants to settle claims without continuing burdensome litigation. This fact, coupled with the fair and reasonable terms of settlement in a matter in which the Parties have been competently represented by experienced counsel for the duration of this matter, warrant the sealing of the Settlement Agreement and *in camera* review of the Parties' confidential settlement documents.

## CONCLUSION

For the reasons set forth herein, Defendants request that the Court enter an order granting leave to file under seal the Parties' Confidential Settlement and General Release Agreement and granting *in camera* review of the same.

Respectfully submitted this the 6th day of July, 2021.

JACKSON LEWIS P.C.

BY: /s/ M. Robin Davis
M. ROBIN DAVIS
N. C. State Bar No. 21655
CAITLIN M. GOFORTH
N. C. State Bar No. 49227
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Robin.Davis@jacksonlewis.com
Email: Caitlin.Goforth@jacksonlewis.com

JUSTIN R. BARNES*
Georgia State Bar No. 105220
171 17th Street, NW
Atlanta, GA 30363
Telephone: (404) 525-8200
Facsimile: (404) 525-1173
Email: Justin.Barnes@jacksonlewis.com

ASHLEY B. ABEL*
South Carolina State Bar No. 10097
15 South Main Street, Suite 700
Greensville, SC 29601
Telephone: (864) 232-7000
Facsimile: (864) 235-1381
Email: AbelA@jacksonlewis.com
*ATTORNEYS FOR DEFENDANTS*
*\*Admitted Pro Hac Vice*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO.: 3:19-cv-00065-RJC-DCK

| | |
|---|---|
| MELISSA DEMASTES, individually and *on behalf of other similarly situated*,<br><br>Plaintiffs,<br><br>vs.<br><br>MIDWEST DIVERSIFIED MANAGEMENT CORP., d/b/a CARMEL MAINTENANCE, LLC, WATERFORD SQUARE APARTMENTS, LLC and PIPER GLEN APARTMENTS ASSOCIATES, LLC; MIDWEST DIVERSIFIED MANAGEMENT CORP EMPLOYEE BENEFIT PLAN AND TRUST; JAMES N. GORDON, an individual; and DOES 100,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

The undersigned certifies that on July 6, 2021, the foregoing *Memorandum in Support of Defendants' Unopposed Motion to File Under Seal and Review In Camera the Parties' Confidential Settlement and General Release Agreement* was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, which will send notification of such filing as follows:

L. Michelle Gessner
The Law Offices of Michelle Gessner, PLLC
435 East Morehead Street
Charlotte, NC 28202
michelle@mgessnerlaw.com
*Attorney for Plaintiff and Putative Class Members*

8

JACKSON LEWIS P.C.


BY:   */s/ M. Robin Davis*
     M. ROBIN DAVIS
     N. C. State Bar No. 21655
     CAITLIN M. GOFORTH
     N. C. State Bar No. 49227
     *Attorneys for Defendants*
     3737 Glenwood Avenue, Suite 450
     Raleigh, NC 27612
     Telephone: (919) 760-6460
     Facsimile: (919) 760-6461
     Email: Robin.Davis@jacksonlewis.com
     Email: Caitlin.Goforth@jacksonlewis.com

4825-3055-8193, v. 2

9

Case 3:19-cv-00065-RJC-DCK    Document 69    Filed 07/06/21    Page 9 of 9